IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20231
Summary Calendar

_____

JUDY B. SHULER,

Plaintiff-Appellant,

versus

LARRY G. MASSANARI, ACTING COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-588
- - - - - - - - - -
October 26, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Judy B. Shuler appeals from the district court's judgment affirming the decision of the Acting Commissioner of Social Security denying her claim disability benefits under 42 U.S.C. § 405(g). The Administrative Law Judge (ALJ) agreed with the medical diagnoses of Shuler's treating physicians that she suffered from chronic fatigue syndrome (CFS), fibromyalgia, and degenerative disc disease. The ALJ disagreed, however, with the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

treating physicians' vocational opinion that Shuler's condition precluded employment.

In addition to finding Shuler's hearing testimony and subjective complaints of pain to be less than credible based on his observations of Shuler at the hearing and on her daily activities, the ALJ relied upon the testimony of a medical expert who testified that, even accepting all of the medical evidence concerning CFS and fibromyalgia as true, Shuler remained capable of performing the full range of light work. The ALJ also relied on the testimony of a vocational expert who stated that Shuler could return to her past employment as an administrative assistant because that job fell under the less demanding category of sedentary skilled work.

The Commissioner's decision is supported by substantial evidence on the record as a whole. Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992). The district court's final judgment upholding this decision is therefore AFFIRMED.